**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN 21 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Jamarr Rashaun Johnson, )
                                          )
        Plaintiff, )
                                          )
       v.                                  )    Civil Action No. **12 1016**
                                          )
Federal Bureau of Prisons *et al.*, )
                                          )
        Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner at the Federal Correctional Center in Coleman, Florida, suing under the Privacy Act, 5 U.S.C. § 552a. Plaintiff alleges that his inmate central file contains inaccurate information that has adversely affected his custody. He seeks $20,000 in damages, "amendment of his records in [his] inmate central file," and his "Return back to general population." Compl. at 6.

In addition to the Bureau of Prisons ("BOP"), plaintiff has named his warden and three other employees at his facility as defendants. Because only federal agencies are subject to suit under the Privacy Act, "no cause of action exists that would entitle [plaintiff] to relief from [the named individual defendants] under the Privacy Act . . . ." *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006).

Plaintiff's claim against BOP fails because BOP has exempted its Inmate Central Record System from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)). 28 C.F.R. § 16.97(a)(4); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("Under regulations . . . presentence reports and BOP inmate records systems are exempt from the amendment provisions of the Act"); *see Martinez*, 444 F.3d at 624 ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act[.]") (citations omitted). And "[h]aving exempted its records from the substantive provision regarding the agency's record keeping obligations, BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping." *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 65 (D.D.C. 2009), *aff'd*, No. 10-5016, 2010 WL 4340408 (D.C. Cir. Oct. 19, 2010) (per curiam); *see Lopez v. Huff*, 508 F. Supp. 2d 71, 77 (D.D.C. 2007) ("To the extent that plaintiff is seeking to have his [presentence investigation report] amended, such relief is not available because the BOP has properly exempted its inmate central files, where such documents are kept, from the [Privacy Act's] amendment requirements.") (citations omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: June 1Y, 2012